**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 26, 2020**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WALTER ACKERMAN,

    Defendant - Appellant.

------------------------------

ELECTRONIC FRONTIER FOUNDATION; BRENNAN CENTER FOR JUSTICE; CENTER FOR DEMOCRACY & TECHNOLOGY; NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS; DOWNSIZE DC FOUNDATION; DOWNSIZEDC.ORG; FREE SPEECH COALITION; FREE SPEECH DEFENSE AND EDUCATION FUND; GUN OWNERS FOUNDATION; GUN OWNERS OF AMERICA, INC.; CONSERVATIVE LEGAL DEFENSE AND EDUCATION FUND; RESTORING LIBERTY ACTION COMMITTEE,

    Amici Curiae.

No. 17-3238
(D.C. No. 6:13-CR-10176-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **MATHESON** and **EID**, Circuit Judges.

The defendant-appellant, Walter Ackerman, used his AOL email account to send child pornography. AOL recognized one of the images as child pornography and sent a copy of the email to the National Center for Missing & Exploited Children (NCMEC). Without a warrant, NCMEC opened and inspected the email. Ackerman believed that this was an unconstitutional search and filed a motion to suppress the evidence obtained from it. The district court denied the motion, but we reversed and remanded. On remand, the district court again denied the motion. The district court concluded that Ackerman's constitutional rights were not violated, and in any event, the suppression motion should be denied because the good-faith exception to the exclusionary rule applies. In this appeal, Ackerman challenges the district court's second denial of his motion. Because we agree with the district court that the good-faith exception to the exclusionary rule applies, we affirm.

## I.

On April 22, 2013, Ackerman used his AOL email account to send four images of child pornography. *See* R1.1 at 1 (Indictment); R1.37 at 6 (Memorandum and Order Denying Motion to Suppress); R1.61 at 11–12 (Transcript of Motion Hearing). AOL's automated system immediately recognized one of the images as child pornography, stopped the email from being delivered, and terminated Ackerman's AOL account. *See* R1.37 at 6; R1.61 at 91. The following day, AOL's automated system generated and sent a report to NCMEC's CyberTipline that contained a digital copy of Ackerman's April 22

email.  *See* R1.37 at 5–6; R1.61 at 92, 95 (describing the process generally).  A NCMEC employee reviewed the report, determined that Ackerman's email contained four images of child pornography, and forwarded the report to Kansas law enforcement.  *See* R1.37 at 6.

Upon receiving NCMEC's report of Ackerman's illegal activity, Kansas law enforcement obtained a search warrant of Ackerman's residence.  *See* R1.37 at 6–7.  At Ackerman's residence, law enforcement discovered more child pornography on several devices.  *See id.*  Ackerman was then charged with one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), and one count of distribution of child pornography, 18 U.S.C. § 2252(a)(2).  *See* R1.1.

Ackerman filed a motion to suppress.  He argued that both AOL and NCMEC were government actors and that their searches violated his Fourth Amendment rights.  *See* R1.13.  The district court denied Ackerman's motion following an evidentiary hearing.  *See United States v. Ackerman*, No. 13-10176-01-EFM, 2014 WL 2968164, at *1 (D. Kan. July 1, 2014).  The court concluded that neither AOL nor NCMEC were government actors.  *See id.* at *5–8.  It also concluded that—even if NCMEC was a government actor—NCMEC's search did not exceed the scope of AOL's search in a "constitutionally significant" way.  *See id.* at *8–10.  Following the denial, Ackerman pleaded guilty but reserved his right to appeal the district court's denial of his motion to suppress.

Ackerman appealed. On appeal, we reversed and held that NCMEC is a government actor,[1] and NCMEC conducted a search. *See United States v. Ackerman*, 831 F.3d 1292, 1295–1308 (10th Cir. 2016) ("*Ackerman I*"). But we noted that "hard questions" remained, including whether the third-party doctrine applied. *See id.* at 1308. Additionally, we declined to consider the good-faith exception because the government failed to provide sufficient briefing. *Id.*

On remand, the district court again denied Ackerman's motion to suppress. *Ackerman*, 296 F. Supp. 3d at 1269. The district court agreed with Ackerman that he possessed a subjective expectation of privacy but held that his subjective expectation was not one society was prepared to recognize as objectively reasonable. *See id.* at 1271–73. The district court also held that the good-faith exception applied. *See id.* at 1273–76. According to the district court, NCMEC performed this search pursuant to a statutory scheme. *See id.* Because NCMEC relied in good faith upon the statutory scheme, the exclusionary rule's purpose of deterring government misconduct would not be served here. *See id.* We agree with the district court that the good-faith exception applies and affirm.

## II.

We assume, for the sake of argument, that Ackerman has shown a constitutional violation. We nonetheless affirm because the district court correctly determined that

---

[1] At the time of the search (April 2013), no court had yet held that NCMEC was a government actor. *See United States v. Ackerman*, 296 F. Supp. 3d 1267, 1275–76 (D. Kan. 2017).

4

NCMEC searched Ackerman's email in good faith.[2]  Accordingly, the Fourth Amendment's exclusionary rule is inapplicable.

Before we discuss the good-faith exception, however, we must first address a preliminary issue that Ackerman raises.  Ackerman contends that because we previously concluded that the government had waived the good-faith exception, the government should not have been able to raise it below (or here).  While we previously declined in *Ackerman I* to consider the government's good-faith-exception argument because it was insufficiently briefed, this argument was not waived because we do not "ordinarily require appellees to raise every possible ground for affirmance in their appellate briefs." *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 963 (10th Cir. 2009).

Even if the government had waived its good-faith-exception argument in *Ackerman I*, the district court still had the authority to consider the good-faith exception on remand because "law of the case principles do not bar a district court from acting" when an appellate court has not "issued [a decision] on the merits of the claim sought to be precluded." *Wilmer v. Bd. of Cty. Com'rs of Leavenworth Cty.*, 69 F.3d 406, 409 (10th Cir. 1995) (quotations omitted) (refusing to apply law of the case because our decision in the initial appeal denied the motion based on untimeliness and did not address the merits); *Van Dyke v. United States*, 457 F. App'x 721, 725 (10th Cir. 2012)

---

[2] We took a similar approach in *United States v. Workman*, 863 F.3d 1313, 1315 (10th Cir. 2017) (assuming "for the sake of argument" that the defendant had shown a constitutional violation but refusing to suppress the evidence because law enforcement's actions were "objectively reasonable").

5

(unpublished) (holding that law of the case did not apply to the district court's decision on remand where we decided in the initial appeal that we could "not consider the [government's] argument given the insufficient record"). Here, the law of the case doctrine does not apply because we did not render a decision on the merits of the good-faith exception. *See Ackerman I*, 831 F.3d at 1308. Instead, in *Ackerman I*, we declined to consider the government's good-faith-exception argument because it was insufficiently briefed. *Id.* (deciding that the government's briefing was "insufficient to preserve [the] point for appellate review" because the government's brief only "incorporate[d] by reference the good faith arguments it presented to the district court.").[3]

Turning to whether the good-faith exception to the exclusionary rule applies to NCMEC's search, we review this issue de novo. *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000) ("Determinations relating to . . . the good-faith exception are conclusions of law . . . which this court reviews *de novo*."). While the general remedy for a Fourth Amendment violation is exclusion of the evidence, exclusion "has always been our last resort." *Herring v. United States*, 555 U.S. 135, 140 (2009). "The rule's sole

---

[3]In his letter of supplemental authority, Ackerman asserts that our decision in *Harte v. Bd. of Commissioners* supports his argument that law of the case precluded the district court from applying the good-faith exception on remand. 940 F.3d 498 (10th Cir. 2019). But *Harte* held only that, "in applying a fractured panel's holding, the district court need only look to and adopt the *result* the panel reached." *Id.* at 504. Although one judge in *Harte* reached the majority result by deciding that the plaintiff-appellants had waived their argument, *id.* at 509, *Harte* did not address whether the law of the case doctrine precludes a district court from considering an issue that was not resolved on the merits. Consequently, *Harte* does not demonstrate that the district court could not consider the government's good-faith-exception argument after we concluded that it was insufficiently briefed in *Ackerman I*.

purpose . . . is to deter future Fourth Amendment violations." *Davis v. United States*, 564 U.S. 229, 236–37 (2011). Accordingly, courts must engage in a "rigorous weighing of [exclusion's] costs and deterrence benefits" to determine whether exclusion is warranted. *Id.* at 238. The good-faith exception to the exclusionary rule prohibits exclusion when law enforcement acts in "objectively reasonable reliance upon a *statute* authorizing" the search. *Illinois v. Krull*, 480 U.S. 340, 342, 355 (1987) (refusing to suppress evidence obtained from warrantless search when law enforcement reasonably relied on a statute authorizing the search, even though the statute was ultimately found to be unconstitutional).

      Here, the exclusionary rule does not apply because NCMEC's search fell within the good-faith exception. Like the officers in *Krull*, NCMEC acted in objectively reasonable reliance on a statutory scheme when it inspected the digital copy of Ackerman's April 22 email. *See* 18 U.S.C. § 2258A. As we previously articulated: "NCMEC and NCMEC alone is statutorily obliged to maintain an electronic tipline for ISPs to use to report possible Internet child sexual exploitation violations to the government." *Ackerman I*, 831 F.3d at 1296. "Under the statutory scheme, NCMEC is obliged to forward every single report it receives to federal law enforcement agencies and it may make its reports available to state and local law enforcement as well." *Id.* (citing 18 U.S.C. § 2258A(c)). Additionally, "in aid of its tipline functions NCMEC is statutorily authorized to receive contraband (child pornography) knowingly and to review its contents intentionally." *Id.* at 1297 (citing 18 U.S.C. § 2258A(a), (b)(4)). These "actions . . . would normally subject private persons to criminal prosecution." *Id.*

7

Ackerman argues that this case is distinguishable from *Krull* because in *Krull* the statute specifically authorized the government's search, but here it does not. *See* Aple. Br. at 42–43. We agree with the district court that this "argument draws too fine of a line." *Ackerman*, 296 F. Supp. 3d at 1275. "[A]lthough the statutes do not require NCMEC to open and view the email attachments, 'everyone accepts that Congress enabled NCMEC to review [Defendant's] email by excepting the Center from the myriad laws banning the knowing receipt, possession, and viewing of child pornography.'" *Id.* (quoting *Ackerman I*, 831 F.3d at 1302).

Given the breadth of the statutory scheme and Ackerman's inability to distinguish *Krull*, we conclude that NCMEC's search of Ackerman's email fell within the good-faith exception to the exclusionary rule because NCMEC acted in "objectively reasonable reliance" on the statutory scheme. This conclusion is "bolstered [by the fact that] at the time of the events in question (April 2013), no court had even considered NCMEC a governmental entity or agent of law enforcement." *Id.* at 1275–76. NCMEC had no reason to suspect that its actions could have violated the Fourth Amendment and thus there would be no deterrent value in suppressing the fruits of this search.

## III.

For the reasons stated above, NCMEC performed the search in good faith pursuant to a statutory scheme. Consequently, the good-faith exception applies, the evidence

should not be excluded, and we AFFIRM the district court's judgment.

                                              Entered for the Court

                                              Allison H. Eid
                                              Circuit Judge